1

2    FILED

3    12 SEP 27 AM 11: 33

4    CLERK, U.S. DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA

5    BY: ____ DEPUTY

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JESUS ANTONIO GARCIA and              CASE NO. 11-CV-0466 BEN (NLS)
     CHRISTINA ELIZABETH PALMER
12   GERACI,                               **ORDER DENYING MOTION TO**
                                           **MODIFY/SET ASIDE MAGISTRATE**
13                            Plaintiffs,  **JUDGE'S JULY 30, 2012 ORDER, OR**
                                           **ALTERNATIVELY, FOR**
14        vs.                              **CERTIFICATION OF ORDER FOR**
                                           **INTERLOCUTORY APPELLATE**
15                                         **REVIEW AND STAY OF ORDER**
     PROGRESSIVE CHOICE INSURANCE
16   COMPANY and DOES 1 through 100,       [Docket No. 37]
     Inclusive,
17
                              Defendants.
18

19        Presently before the Court is Defendant's Motion to Modify/Set Aside Magistrate Judge's July

20   30, 2012 Order on Joint Motion for Determination of Discovery Dispute, or Alternatively, for

21   Certification of Order for Interlocutory Appellate Review and Stay of Order. (Docket No. 37.) For

22   the reasons stated below, the Motion is **DENIED**.

23                              **BACKGROUND**

24        This action arises out of Defendant Progressive Choice Insurance Company's denial of Plaintiff

25   Christina Elizabeth Palmer Geraci's insurance claim.[1]  The complaint alleges that Defendant denied

26   Plaintiff's claim for coverage in violation of the insurance contract. (Docket No. 1-1 ¶¶ 10-19.)

27        Early in the discovery process, Defendant disclosed Teresa Starinieri, an outside attorney hired

28
     ─────────────────────
         [1] Plaintiff Jesus Garcia has been dismissed without prejudice. (Docket No. 8.)

                                        - 1 -                              11CV0466

1   by Defendant during the investigation of Plaintiff's claim, as a witness. (Docket No. 30 at 19 ¶ 4 and

2   33 ¶ 4.) In addition, in response to Plaintiff's discovery demands, Defendant disclosed the claims file

3   for the underlying insurance claim and the electronic activity notes, which included communications

4   between Starinieri and Elizabeth McAndrews, a claims adjuster employed by Defendant. (*Id.* at 19

5   ¶ 5 and 33 ¶ 3.) These items were produced "subject to objection on grounds of attorney-client

6   privilege." (*Id.* at 33 ¶ 3.)

7          During McAndrew's deposition, it was discovered that there may have been some email

8   communications between McAndrew and Starinieri that were not in the claims file. (*Id.* at 21 ¶ 11 and

9   34 ¶ 5.) At the request of Plaintiff's counsel, Defendant searched for the emails, which were stored

10  on an email system no longer in use. (*Id.* at 34 ¶ 6.) On June 6, 2012, Defendant disclosed some of

11  the documents that were recovered from the old email system, but withheld those documents

12  containing privileged communications between Defendant's employees and Starinieri. (*Id.* at 35 ¶ 8.)

13  In addition, Defendant informed Plaintiff that it was withdrawing its previously asserted advice of

14  counsel defense and was now claiming attorney-client and attorney work product privileges with

15  respect to the withheld communications, identified as Item Nos. 1-109 on the amended privilege log.

16  (*Id.* at 21 ¶ 12, 35 ¶¶ 9-10, 43-58.) The amended privilege log also lists communications that were

17  previously disclosed. (*Id.* at 59-76.)

18         On July 12, 2012, the parties filed a joint motion for determination of a discovery dispute.

19  (Docket No. 31.) Plaintiff asserted that Defendant had waived the attorney-client privilege with

20  respect to the newly discovered emails and with respect to the communications already produced.

21  Plaintiff requested that the email communications be disclosed and that Starinieri be required to testify

22  at a deposition without claiming privilege. In the alternative, Plaintiff sought to re-depose witnesses,

23  at Defendant's cost. Defendant argued that the newly discovered emails are confidential attorney-

24  client communications, and that they have never been disclosed to outside parties. Defendant argues

25  that as a result, there has been no waiver of privilege with respect to Item Nos. 1-109 on the amended

26  privilege log.

27         Magistrate Judge Nita L. Stormes wrote a thoughtful and thorough order directing Defendant

28  to produce the documents identified as Item Nos. 1-109 on its amended privilege log ("Discovery

1  Order"). (Docket No. 31.) The Discovery Order held that "Defendant expressly waived attorney-client

2  privilege with respect to communications between it and Ms. Starinieri concerning Plaintiff's claim."

3  (*Id.* at 10.)

4       Presently before the Court is Defendant's Motion to Modify/Set Aside Magistrate Judge's July

5  30, 2012 Order on Joint Motion for Determination of Discovery Dispute, or Alternatively, for

6  Certification of Order for Interlocutory Appellate Review and Stay of Order.[2]

7  **DISCUSSION**

8  **I.    MOTION TO MODIFY/SET ASIDE MAGISTRATE JUDGE'S JULY 30, 2012 ORDER**

9       Non-dispositive pre-trial matters may be decided by a magistrate judge, subject to

10  reconsideration by the district judge. FED. R. CIV. P. 72(a). The district judge may modify or set aside

11  any part of the magistrate judge's order which is "clearly erroneous or is contrary to law." *Id.*; 28

12  U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "although there is evidence to support

13  it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

14  has been committed." *Anti-Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 684 F.2d 1316, 1318 (9th Cir.

15  1982).

16       Defendant objects to Judge Stormes' reliance on *Jones v. Superior Court*, 119 Cal. App. 3d

17  534 (1981). First, Defendant argues that the Discovery Order relied on dicta in *Jones* in support of its

18  ruling. According to Defendant, "[t]his dicta in *Jones* is not controlling California law on the issue

19  of subject matter waivers, particularly when it is contrary to at least three published California cases

20  and two published and well-established Practices Guides on California law." (Docket No. 37 at 10.)

21       The Discovery Order, however, carefully considered the three published California cases and

22  two Practice Guides that Defendant cites.  The Discovery Order observed that the two Practice

23  Guides—Vapnek, et al., *California Practice Guide: Professional Responsibility* (Rutter Group 2011)

24  and Wegner, et al., *California Practice Guide: Civil Trials and Evidence* (Rutter Group

25  2011)—mainly relied on three California cases: *Owens v. Palos Verdes Monaco*, 142 Cal. App. 3d 855

26  (1983), *San Diego Trolley, Inc. v. Superior Court*, 87 Cal. App. 4th 1083 (2001), and *Manela v.

27  Superior Court*, 177 Cal. App. 4th 1139 (2009). The Discovery Order found that these three California

28

---

[2] Defendant's requests for judicial notice are **GRANTED**. *See* FED. R. EVID. 201(b).

1    cases are all distinguishable from the present action.  After a de novo review, the undersigned agrees

2    with the Discovery Order's thoughtful analysis.  *Owens*, *San Diego Trolley*, and *Manela* are all

3    distinguishable from the present action.

4         Second, Defendant argues that *Jones* is distinguishable from the present case because (1)

5    Defendant did not know of the existence of the newly discovered emails when it previously produced

6    other attorney-client communications in connection with its assertion of the advice of counsel defense;

7    and (2) Defendant has completely withdrawn its advice of counsel defense.  The Discovery Order

8    found that "it cannot be fairly said that Defendant retains a privacy interest in the withheld materials

9    when they are contemporaneous with the disclosed items, involve the same claim, and are between the

10   same individuals."  (Docket No. 31 at 10.)  In addition, the Discovery Order found that because

11   Defendant voluntarily disclosed a large amount of communications it had with Starinieri regarding the

12   Geraci claim, the purpose of the privilege was lost.  Whether Defendant knew of the existence of the

13   newly discovered emails when it previously produced other attorney-client communications and

14   whether Defendant has withdrawn its advice of counsel defense is irrelevant to this analysis.

15   Defendant does not cite any authority that suggests otherwise.

16        Accordingly, the Discovery Order is not clearly erroneous or contrary to law, and the Court

17   **DENIES** Defendant's motion to modify or set aside the Discovery Order.

18   **II.    REQUEST FOR AN ORDER GRANTING INTERLOCUTORY APPEAL AND STAYING**

19   **        DISCOVERY ORDER**

20        Defendant requests that should the Court deny the Motion to Modify/Set Aside Magistrate

21   Judge's July 30, 2012 Order, the Court (1) grant Defendant's alternative request for certification of

22   the Discovery Order for interlocutory review pursuant to 28 U.S.C. § 1292(b) and (2) stay the

23   Discovery Order pending the outcome of all appellate proceedings.

24        The requirements for interlocutory appeal under § 1292(b) "are (1) that there be a controlling

25   question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an

26   immediate appeal may materially advance the ultimate termination of the litigation." *Arizona v. Ideal*

27   *Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1982). Section 1292(b) "is

28   to be applied sparingly and only in exceptional cases. . . .  The legislative history of the Act clearly

1    shows that in passing this legislation Congress did not intend that the courts abandon the final

2    judgment doctrine and embrace the principle of piecemeal appeals." *United States v. Woodbury*, 263

3    F.2d 784, 788 n.11 (9th Cir. 1959) (internal citations and quotation marks omitted).

4         First, for a question of law to be "controlling" under 1292(b), "all that must be shown . . . is

5    that resolution of the issue on appeal could materially affect the outcome of litigation in the district

6    court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Here, Defendant argues that divulging the

7    attorney-client communications will have a material effect on the litigation because "[t]here will be

8    no way to undo the disclosure" and because "significant strategic decisions" turn on the validity of the

9    Discovery Order. (Docket No. 37 at 16-17.) Beyond these conclusory arguments, however, Defendant

10   does not show that this first requirement is met.

11        Next, the Court will consider the third requirement, "that an immediate appeal may materially

12   advance the ultimate termination of the litigation." To fulfill this third requirement, total victory in

13   the case for one of the parties is not necessary. *Woodbury*, 263 F.2d at 787 ("we do not hold that a

14   question brought here on interlocutory appeal must be dispositive of the lawsuit in order to be regarded

15   as controlling"). Rather, the issue is whether an appeal "would appreciably shorten the time, effort

16   and expense exhausted between the filing of a lawsuit and its termination." *U.S. Fidelity & Guar. Co.*

17   *v. Thomas Solvent Co.*, 683 F. Supp. 1139, 1176 (W.D. Mich. 1988) (internal quotation marks

18   omitted).

19        Here, Defendant argues that if the Discovery Order is later set aside on an appeal from a final

20   judgment after a trial takes place, a second trial would need to take place. Defendant argues that as

21   a result, addressing the privilege issue on appeal now would conserve the parties' resources.

22   Defendant, however, does not show that a second trial must take place if the Discovery Order is later

23   set aside on appeal. Defendant's conclusory statement that a second trial would need to take place is

24   insufficient to establish that the third requirement is met.

25        The first and third requirements for certification of the Discovery Order for interlocutory appeal

26   under § 1292(b) have not been met. Because all three requirements must be met for certification of

27   the Discovery Order for interlocutory appellate review, the second requirement need not be addressed.

28   Accordingly, the Court **DENIES** Defendant's request for certification of the Discovery Order for

1  interlocutory review pursuant to 28 U.S.C. § 1292(b) and **DENIES** Defendant's request for a stay of

2  enforcement of the Discovery Order pending appeal.

3         In addition, Defendant requests in a footnote that if the present Motion is denied in its entirety,

4  the Court stay the enforcement of the Discovery Order in order to allow Defendant to file a petition

5  for writ of mandate with the Ninth Circuit Court of Appeals. Defendant's request is **DENIED**.

6  **CONCLUSION**

7         For the reasons stated above, the Motion to Modify/Set Aside Magistrate Judge's July 30, 2012

8  Order on Joint Motion for Determination of Discovery Dispute is **DENIED**. Defendant is

9  **ORDERED** to produce the documents identified as Item Nos. 1-109 on its amended privilege log to

10  Plaintiff's counsel within seven (7) days of the date of this Order.

11         In addition, Defendant's request for certification of the Discovery Order for interlocutory

12  review pursuant to 28 U.S.C. § 1292(b) is **DENIED**. Defendant's request for a stay of enforcement

13  of the Discovery Order pending appeal is **DENIED**. Defendant's request to stay enforcement of the

14  Discovery Order to allow Defendant to file a petition for writ of mandate with the Ninth Circuit is

15  **DENIED**.

16         **IT IS SO ORDERED.**

17

18  DATED: September 26, 2012

                         HON. ROGER T. BENITEZ

19                           United States District Judge

20

21

22

23

24

25

26

27

28