FILED

13 DEC 18 PM 1:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JESUS ANTONIO GARCIA and CHRISTINA ELIZABETH PALMER GERACI,

Plaintiffs,

vs.

PROGRESSIVE CHOICE INSURANCE COMPANY and DOES 1 through 100, Inclusive,

Defendants.

CASE NO. 11-CV-0466 BEN (NLS)

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

[Docket No. 79]

Presently before the Court is Plaintiff's Motion to Strike Defendant's Answer (Docket No. 79). For the reasons stated below, the Motion to Strike Defendant's Answer is **DENIED**.

## BACKGROUND

### I. FACTUAL BACKGROUND

This action arises out of Defendant Progressive Choice Insurance Company's denial of Plaintiff Christina Elizabeth Palmer Geraci's insurance claim.

On May 19, 2008, Geraci purchased a 2006 Jeep Grand Cherokee, VIN #1J8HS58N26C178213, from Jimmie Johnson Kearny Mesa Chevrolet. Progressive issued an automobile insurance policy, Policy No. 10079982-2 ("Policy") for the Jeep on June 2, 2008.

On August 10, 2008, Geraci called Progressive and reported that the Jeep had been stolen. According to Geraci, she and her fiancé, Jesus Antonio Garcia, had driven the Jeep to a bar in the Cardiff area the prior evening. At approximately 2:00 a.m., because Geraci and Garcia were too intoxicated to drive home, a friend drove Geraci and Garcia to the friend's apartment to spend the night. When the same friend drove them back to the bar the afternoon of August 10, the Jeep was missing. The Jeep was later found by the CHP completely burned, in the Brawley area. Geraci reported the alleged theft to the Encinitas Sheriff's Department and filed a claim for the Jeep with Progressive on the following Monday. On July 27, 2009, Progressive denied coverage.

## II. PROCEDURAL BACKGROUND

This action was originally filed by both Geraci and Garcia in the Superior Court for the State of California, County of San Diego. Progressive removed this action on March 7, 2011. The Complaint alleges that Progressive denied Geraci's claim for coverage in violation of the insurance contract. The Complaint asserts two causes of action: (1) breach of contract; and (2) breach of the duty of good faith and fair dealing. Garcia was dismissed without prejudice from this action on June 10, 2011.

Early in the discovery process, Progressive asserted it was not liable for breach of the implied covenant of good faith and fair dealing or for punitive damages because it relied on the advice of counsel. Progressive disclosed Teresa Starinieri, an outside attorney hired by Progressive during the investigation of Geraci's claim, as a witness. (Docket No. 30 at 19 ¶ 4 and 33 ¶ 4.) In addition, in response to Geraci's discovery demands, Progressive disclosed the claims file for the underlying insurance claim and the electronic activity notes, which included communications between Starinieri and Progressive's Fire & Theft Adjuster, Elizabeth McAndrew. (*Id.* at 19 ¶ 5 and 33 ¶ 3.) These items were produced "subject to objection on grounds of attorney-client privilege." (*Id.* at 33 ¶ 3.)

During McAndrew's deposition, it was discovered that there may have been some email communications between McAndrew and Starinieri that were not in the

claims file. (*Id.* at 21 ¶ 11 and 34 ¶ 5.) At the request of Plaintiff's counsel, Progressive searched for the emails, which were stored on an email system no longer in use. (*Id.* at 34 ¶ 6.) On June 6, 2012, Progressive disclosed some of the documents that were recovered from the old email system, but withheld those documents containing privileged communications between Progressive's employees and Starinieri. (*Id.* at 35 ¶ 8.) In addition, Progressive informed Geraci that it was withdrawing its previously asserted advice of counsel defense and was now claiming attorney-client and attorney work product privileges with respect to the withheld communications, identified as Item Nos. 1-109 on the amended privilege log. (*Id.* at 21 ¶ 12, 35 ¶¶ 9-10, 43-58.) The amended privilege log also listed communications that were previously disclosed. (*Id.* at 59-76.)

On July 12, 2012, the parties filed a joint motion for determination of a discovery dispute. (Docket No. 30.) Geraci asserted that Progressive had waived the attorney-client privilege with respect to the newly discovered emails and with respect to the communications already produced. Geraci requested that the email communications be disclosed and that Starinieri be required to testify at a deposition without claiming privilege. In the alternative, Geraci sought to re-depose witnesses, at Progressive's cost. Progressive argued that the newly discovered emails were confidential attorney-client communications, and that they had never been disclosed to outside parties. Progressive argued that as a result, there had been no waiver of privilege with respect to Item Nos. 1-109 on the amended privilege log.

Magistrate Judge Nita L. Stormes ordered Progressive to produce the documents identified as Item Nos. 1-109 on its amended privilege log ("Discovery Order"). (Docket No. 31.) The Discovery Order held that "Defendant expressly waived attorney-client privilege with respect to communications between it and Ms. Starinieri concerning Plaintiff's claim." (*Id.* at 10.) Progressive moved to modify or set aside the Discovery Order. (Docket No. 37.) The undersigned denied this motion on September 27, 2012. (Docket No. 53.) Progressive filed a Petition for Writ of Mandamus with

the Ninth Circuit Court of Appeals, requesting that this Court's September 27, 2012 Order be vacated. The Ninth Circuit denied the petition on March 4, 2013. (Docket No. 66.)

Presently before the Court is Geraci's Motion to Strike Defendant's Answer (Docket No. 79).

**DISCUSSION**

Geraci moves for an order striking Progressive's Answer and entering its default for "egregious abuse of the litigation and discovery process." (Mot. to Strike at 3.)

Courts have an inherent power to impose a terminating sanction for abusive litigation practices. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987). A default or dismissal under the court's inherent power is justified in "extreme circumstances." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071 (N.D. Cal. 2006). The Ninth Circuit has suggested that extraordinary circumstances exist where "there is a pattern of disregard for Court orders and deceptive litigation tactics that threaten to interfere with the rightful decision of a case." *AdvantaCare Health Partners, LP v. Access IV*, No. C 03-4496, 2004 U.S. Dist. LEXIS 16835, at *15 (N.D. Cal. Aug. 17, 2004).

Progressive's conduct during discovery does not justify using the Court's inherent power to impose terminating sanctions against it. Progressive has not disobeyed any court order. In addition, there is no evidence that Progressive engaged in any deceptive litigation conduct. Progressive argues that it was unaware of the 109 emails at the time it initially asserted the advice of counsel defense and produced other privileged communications between the company and outside counsel, and it did not decide to withdraw its advice of counsel defense until it discovered the emails. (Howe Decl. ¶¶ 3, 8-9; Charles Decl. ¶¶ 5-7). Progressive did not attempt to hide the existence of the 109 emails from the Court or opposing counsel once their existence was revealed during McAndrew's deposition. Progressive advised opposing counsel of the situation, provided a privilege log for the documents in question, and served amended Rule 26

initial disclosures and supplemental interrogatory responses. (Howe Decl. ¶¶ 9-10.) Moreover, when the Ninth Circuit denied its Petition for Writ of Mandamus, Progressive produced the 109 emails. (*Id.* ¶ 22.)

In addition, there is no evidence that Progressive's decision to withhold the 109 emails based on attorney-client privilege grounds was made in bad faith, because Progressive's belief that there had not been a waiver of privilege was reasonable. As Judge Stormes observed in the Discovery Order, the discovery dispute involved a "unique situation." (Docket No. 31, at 5.) Moreover, Judge Stormes granted Progressive a temporary stay of her discovery ruling, implicitly finding that Progressive's position had some merit. *See Vallabhapurapu v. Burger King Corp.*, No. 11-cv-667, 2011 WL 5036705, at *1 (N.D. Cal. Oct. 21, 2011) (to succeed on a motion for stay of a discovery ruling from a magistrate judge, the moving party must "ma[ke] a strong showing that he is likely to succeed on the merits," among other things). Finally, in disposing of Progressive's Petition for Writ of Mandamus, the Ninth Circuit found that the issues raised by Progressive warranted a response, ordered briefing, and sent the matter to a merits panel. (RJN, Exhs. D, E.)[1]

Moreover, Judge Stormes has previously declined to impose sanctions. When the parties filed a Joint Motion for Determination of Discovery Dispute, Geraci requested that Progressive be sanctioned for the expense incurred in re-deposing the witnesses. (Docket No. 30, at 8.) However, Judge Stormes declined to impose sanctions. (Docket No. 31, at 10 ("In finding that Defendant expressly waived its attorney-client privilege with respect to the newly discovered e-mails, this Court is not finding that Defendant acted in bad faith and is not imposing a sanction.").

Geraci argues that Progressive wrongfully withheld the 109 emails. According to Geraci, Progressive's conduct throughout litigation—the way Progressive claimed that it had produced a complete copy of the claim file when in fact there were 109

[1] Progressive's requests for judicial notice are **GRANTED**. *See* FED. R. EVID. 201(b).

emails that were not produced, and the way Progressive changed its defense after the discovery cut-off date had passed—is indicia of bad faith.[2] Geraci cites several cases that she claims present analogous situations in which courts have imposed a terminating sanction for egregious litigation conduct. The cases Geraci cites are distinguishable, however, in that they involve intentional destruction of evidence, theft, knowingly false testimony, a pattern of intentional disregard for prior court orders, fraud on the court, or violation of ethical rules—conduct that is much more egregious than that at issue here. *See TeleVideo Sys.*, 826 F.2d at 917 (perjury); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486 (9th Cir. 1991) (fraud on the court); *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736 (2d Dist. 2007) (theft and fraud on the court); *Peat, Marwick, Mitchell & Co. v. Superior Court*, 200 Cal. App. 3d 272 (1st Dist. 1988) (violation of ethical rules); *Williams v. Russ*, 167 Cal. App. 4th 1215 (2d Dist. 2008) (destruction of evidence); *Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967 (4th Dist. 2009) (pattern of intentional disregard for prior court

---

[2] Geraci argues that this Court has previously found that Progressive withheld the 109 emails in bad faith. In support of this argument, Geraci points to the Court's Response to Progressive's Petition for Writ of Mandamus. In it, the Court stated:

> [T]he [Ninth Circuit] should not condone Progressive's behavior of first disclosing a portion of the attorney-client communications, then asserting the attorney-client privilege. Geraci, in response to Progressive's assertion of the advice of counsel defense, requested discovery of the attorney-client communications to evaluate the defense. Progressive was required to maintain hard copies of the attorney-client communications in its claim file pursuant to California Code of Regulations, title 10, Section 2695.3. However, Progressive produced only some of the documents. In addition, there is no evidence that Progressive requested from Starinieri a copy of either Starinieri's files or the emails between Progressive's employees and Starinieri, as it should have to ensure compliance with the California Code of Regulations. To allow Progressive to claim the attorney-client privilege for the pertinent documents under these circumstances would encourage less than diligent compliance with discovery requests or, worse yet, deliberate attempts to circumvent or prolong the litigation process.

*In Re: Progressive Ins. Co. v. U.S. Dist. Court for the S. Dist. of Cal.*, No. 12-73128, Docket No. 5, at 9-10 (9th Cir.). Although it is true that this Court did not condone the practice of asserting the attorney-client privilege after first disclosing a portion of the attorney-client communications, the Court did not make a finding as to whether Progressive's conduct was in bad faith.

orders, intentional concealment of evidence, and destruction of evidence). In addition, *Kim v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267 (4th Dist. 2011), is inapplicable to the present case because it did not involve the imposition of a sanction under the court's inherent authority.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike Defendant's Answer is **DENIED**.

**IT IS SO ORDERED.**

DATED: 12/18/13

HON. ROGER T. BENITEZ
United States District Judge